Catherine A. Laughner
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
801 W. Main, Suite 2A
Bozeman, MT 59715
(406) 443-6820
cathyl@bkbh.com

Thomas J. Jodoin
Helena City Attorney
316 N. Park Avenue
 Helena, MT 59623
(406) 457-8595
 tjodoin@helenamt.gov

Attorneys for The City of Helena

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THE CITY OF HELENA, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and MICHAEL REGAN, in his official capacity as Administrator, United States Environmental Protection Agency, | |
| Defendants. | |

PLAINTIFF the City of Helena, by and through its counsel of record alleges as follows:

## JURISDICTION AND VENUE

1.     Plaintiff brings this action under the Administrative Procedure Act, 5 U.S.C. § 706, 28 U.S.C. § 1331, and 28 U.S.C. §§ 2201-2202, for judicial review of a final determination of the United States Environmental Protection Agency ("EPA") (the "Final Determination"), In the Matter of: The City of Helena, Montana, Respondent Docket No. CWA-08-2021-0017, proceeding under Section 309(a)(3) of the Clean Water Act, 33 U.S.C. § 1319(a)(3) ("the Clean Water Act" or "the Act").

2.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because the City of Helena resides in this judicial district.

## PARTIES

3.     Plaintiff City of Helena ("Helena" or "City") is a municipal corporation and is the local government, and a "person" as defined by Section 502(5) of the Clean Water Act, 33 U.S.C. § 1362(5).

4.     Defendant Environmental Protection Agency ("EPA" or "Agency") is an executive agency of the United States within the meaning of the Administrative Procedure Act. *See* 5 U.S.C. § 551(1). EPA is charged with administering certain

provisions of the Clean Water Act on behalf of the federal government. *See* 33 U.S.C. §§ 1251 *et seq.*

5.     Defendant Regan is the Administrator of EPA.

## LEGAL AND FACTUAL BACKGROUND

6.     The City of Helena treats wastewater in the City's Publicly Owned Treatment Plant ("POTW") and holds discharge permit MPDES Permit No. MT002264, from the Montana Department of Environmental Quality ("MDEQ"), which permit authorizes the City to discharge to Prickly Pear Creek.   MPDES Permit No. MT002264 Part I(E), issued August 22, 2012, requires the City to operate an industrial pretreatment program in accordance with its 1986 approved pretreatment program and permitting requirements developed pursuant to the General Pretreatment Regulations (40 C.F.R. Part 403), and the Clean Water Act Section 402(b)(8).   The City has a Pretreatment Program approved by the EPA and has jurisdiction over discharges to and from its wastewater treatment works.

7.     On September 3, 2021, EPA issued an Administrative Order for Compliance (the "Final Determination"), In the Matter of: The City of Helena, Montana, Respondent, Docket No. CWA-08-2021-0017, to the City.

8.     The Final Determination orders and declares the City must (1) submit its intent to comply within 10 days; (2) enter into a MOU with the Department of Veteran Affairs ("DVA") within 30 days; (3) demonstrate to EPA of having

notified each Industrial User ("IU") of "all applicable Pretreatment Standard and the requirements of sections 204(b) and 402 of the Act, and subtitles C and D or the Resource Conservation and Recovery Act, within 120 days; (4) provide a report that details implementation of its "Industrial User Inventory and Characterization Procedures," within 120 days; (5) update and submit to EPA its sampling procedure, within 60 days; (6) provide the City Council its July 8, 2021 local limits and submit to EPA within 14 days after City Council's approval; and (7) conduct a written technical evaluation of the need to develop or revise local limits within 12 months of renewal of the City's 2012 MPDES permit and submit to EPA for review and approval.

9.     The City has adequate legal authority to enforce its pretreatment regulations. The City informed EPA on April 22, 2010 of this power and authority: that pursuant to § 69-7-101, Mont. Code Ann., the City regulates the usage of municipal utilities by persons and entities served by the City's utilities that are located outside the corporate City limits. Section 6-4-3 implements this power: APPLICATION OF CHAPTER provides "The provisions of this chapter apply to all users of the city POTW, including those located outside the city." Ord. 3124, 6-21-2010, at https://codelibrary.amlegal.com/codes/helenamt/latest/helena_mt/0-0-0-2857. During 2021, EPA communicated its requirement that the City enter into an "IGA with the Fort Harrison military installation to give the City the authority

to implement the City's Pretreatment Program fully within the Fort Harrison military installation." On July 28, 2021, the City provided to EPA a July 26, 2021 Memorandum of Understanding Addendum (MOU) with the Department of Military Affairs (DVA) for Fort Harrison recognizing the City's authority.  The VA hospital discharges into the Ft. Harrison sewer line and, if necessary, the City can enforce Title 6-4-2, its pretreatment regulations, and the Ft. Harrison MOU.

10.     The Codes provides the necessary legal authority required by 40 C.F.R. 403.8(f)(1).  The City and Department of Military Affairs MOU Addendum also satisfies 40 C.F.R. 403.8(f)(1).

11.     EPA did not respond or disagree with the City's April 22, 2010 letter to EPA.

12.     Part I(E)(a)(x) of MPDES Permit No. MT00222641 issued to the City provides "The Permittee shall notify all Industrial Users of the users' obligations to comply with applicable requirements under Subtitles C and D of the Resource Conservation and Recovery Act (RCRA) as required by 40 CFR 403.8(f)(2)(iii)."

13.     Part I(E) of MPDES Permit No. MT00222641 issued to the City contains the requirements for the "Industrial Pretreatment Program," and 40 CFR 403.8 sets forth the Pretreatment Program Requirements.

14.     On August 31, 2020, the City provided EPA with the City's Industrial Pretreatment Sampling and Analysis Plan (Plan) for sampling the City's SIUs, and

updated the Plan. The City wrote on August 31, 2020, "Please let me know if there are any other required changes needed that do not meet the regulations."  EPA did not respond.

15.    Part I(E)(b) of MPDES Permit No. MT00222641 issued to the City requires the City to "establish and enforce specific local limits to implement the provisions of 40 C.F.R. Section 403.5(a) and (b), as required by 40 C.F.R. Section 403.5(c). The Permittee shall continue to develop these limits as necessary and effectively enforce such limits."  "[T]he permittee shall determine if technically based local limits are necessary to implement the general and specific prohibitions of 40 C.F.R. section 403.5(a) and (b)."

16.    The Final Determination has an immediate and significant effect on the City's administration of the pretreatment program and MPDES permit No. MT0022641.  EPA's additions in the Final Determination requires the expenditure and commitment of additional City resources.

17.    The Final Determination's displacement of the promulgated regulations or MPDES permit provisions, requires the expenditure and commitment of additional City resources.

**CLAIMS FOR RELIEF**

**I.    APA Violation:  The Final Determination Exceeds EPA's Authority Under the Clean Water Act**

18.    The City of Helena repeats and re-alleges paragraphs 1 through 17 as if fully

set forth herein.

19.     The Administrative Procedure Act requires an agency action to be set aside

if it exceeds statutory authority or is found to be "arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A), (C).

20.     40 C.F.R. Part 403.8(f)(1) provides that a POTW shall operate pursuant to

enforceable legal authority and provides that "such authority may be contained in a

statute, ordinance, or series of contracts or joint powers agreements…." EPA's

Final Determination includes an Order (paragraph 88) providing that only a MOU

with the VA satisfies 40 CFR 403.8(f)(1).   Despite the Montana and City codes,

EPA's Paragraph 88 requires that the "City shall enter into an MOU with the DVA

[Department of Veteran Affairs]" within 30 days of the effective date.  Ordering

the City to enter into an MOU with DVA within 30 days and provide it to EPA

within 10 days exceeds EPA's authority.

21.     EPA's Final Determination includes an Order (paragraph 89) that the "City

shall provide a demonstration to the EPA of having notified each IU contributing

pollutants to the POTW of all pretreatment standards and the requirements of

sections 204(b) and 402 of the Act, and Subtitles C and D of the Resource

Conservation and Recovery Act." The City's MPDES permit does not require a

demonstration to the EPA by the City, and ordering the City to provide a

demonstration is beyond the requirements of the City's Permit, is not a requirement

in the pretreatment regulations or CWA section, is vague, and exceeds EPA's authority.

22.    EPA's Final Determination includes an Order (paragraph 90) that the "City shall provide EPA a report that details the City's implementation of its Industrial User Inventory and Characterization Procedures" and for each IU "the City shall identify and include in the report the name, location, type, date inspected, date sampled, character and volume of pollutants, characterization/categorization of the IU, date IU was notified, date IU was issued and SIU permit, and report of each inspection.  Such report is beyond the requirements of the City's Permit, is not a requirement in the pretreatment regulations or CWA sections, is overly burdensome and costly to the City, and exceeds EPA's authority.  EPA's ordering the City to prepare a report is unnecessary as EPA may access the information it seeks as provided in the promulgated regulations.

23.    EPA's Final Determination includes an Order (paragraph 91) that the "City shall update and submit to the EPA its sampling procedure to ensure that required records listed in 40 CFR 403.12(o) are created and maintained."  The City previously submitted an updated sampling plan on August 31, 2020, and EPA did not respond.  Resubmittal is beyond the requirements of the City's Permit, is not a requirement in the pretreatment regulations or CWA sections, exceeds EPA's authority, and even contradicts 40 CFR 403.18 and the "Region 8 Guidance on

Defining and Processing Approved Program Modifications," because it is not a substantial or non-substantial modification to the City's approved pretreatment program.

24.     EPA's Final Determination includes an Order (paragraph 92) that "the City shall submit its proposed local limits to the Helena City Council for a first reading in a public meeting.  The local limits the City submits to the City Council shall be the same as those submitted to the EPA on July 8, 2021.  The City shall adhere to all relevant requirements in obtaining City Council review of the local limits.  If no changes occur to the proposed local limits during the City Council approval process the City shall, within 14 days of the City Council's approval, provide the EPA with the proposed local limits for EPA's approval.  However, if changes occur to the proposed local limits during the City Council approval process, then within 14 days after City Council approval of the changed limits, the City shall submit to EPA a set of revised proposed local limits for review, specifying the changes that have occurred since the previous submittal and seeking the EPA's approval.  Upon notification from EPA that the EPA has approved the revise local limits, the City shall implement the proposed local limits."  There is nothing in MPDES Permit No. MT0022264 1or the pretreatment regulations requiring these timeframes, and it is the City who determines whether revised or new local limits are necessary.

25.     EPA's Final Determination includes an Order (paragraph 93) that "within 12 months after the renewal of the City's 2012 MPDES Permit, the City shall conduct a written technical evaluation of the need to develop or revise local limits, provide the EPA a copy of this evaluation, and submit any new local limits proposed as a result of this evaluation to the EPA for review and approval in accordance with 40 CFR 403.18."  Paragraph 93 conflicts with MPDES No. MT0022641 which provides that the City "shall determine if technically based local limits are necessary to implement the general and specific prohibitions of 40 CFR section 403.5(a) and (b)."  40 CFR 403.18 does not require EPA approval of all modifications.

26.     The Final Determination must be set aside because it exceeds the Agency's authority and is arbitrary, capricious, an abuse of discretion, vague, or otherwise not in accordance with the law.  5 U.S.C. § 706(2)(A), (C).

## II.     APA Violation: The EPA Violated the Procedural Requirements of the Administrative Procedure Act

27.     Paragraphs 1-26 are re-alleged and incorporated by reference.

28.     Before imposing requirements beyond those in the pretreatment regulations the Agency must provide the public with a meaningful opportunity to participate in the rulemaking process.  5 U.S.C. § 553.

29.     EPA violated this procedural requirement of the Administrative Procedure Act because it did not adopt rules for the extra-regulatory requirements of

Paragraphs 88-93 of the Final Determination, and they conflict with Permit No. MT00222641 issued by the State of Montana.

### III.   The Final Determination Violates the Due Process Clause

30.   Paragraphs 1-29 are re-alleged and incorporated by reference.

31.   The Clean Water Act authorizes civil penalties of up to $56,460 per day for each violation of the Act or fines and imprisonment for willful or negligent violations.

32.   Terms used in the Final Determination are not defined in the pretreatment regulations and are so vague that the City must guess at their meaning and/or may differ with EPA as to their application.  For example, "demonstrate" is a term that does not provide sufficient clarity for the City to understand whether its submittal will satisfy the Order in EPA's Final Determination.

33.   Because this lack of clarity subjects the City to civil and criminal penalties without fair notice, the Final Determination is in violation of the due process clause of the Fifth Amendment and is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law … contrary to constitutional right, power, privilege, or immunity…[and] in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(A) – (C).

WHEREFORE, the City of Helena prays for judgment against EPA as follows:

1.      Awarding the City's fees and costs;

2.      Vacating and setting aside the Final Determination in its entirety, and

3.      Granting the City such additional relief as may be necessary and appropriate or as the Court deems just and proper.

DATED this 16th day of November, 2021.


By  /s/ *Catherine A. Laughner*
     Catherine A. Laughner

Attorneys for the City of Helena